No. ——

First Circuit

## PULESTON v. STRAWBERRY GROWERS SELLING COMPANY

(June 26, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Mandate—Par. 104.**

The plaintiff, alleging that the defendant was delegated by plaintiff with authority to collect the latter's rent claim, has the burden of proof to show that authority.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by J. A. Puleston against Strawberry Growers Selling Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ellis & Ellis, of Rayville, attorneys for plaintiff, appellant.

J. H. Inman, of Ponchatoula, attorney for defendant, appellee.

LECHE, J.   The following facts seem to be established by the record in this case, and, for the purposes of this opinion, may be conceded to be true.   Plaintiff owns a farm in the parish of Tangipahoa. He leased the same to Robert Addison for one year, in consideration of a rental of three hundred dollars, payable on April 20. Robert Addison, together with five sons, cultivated the farm and planted and raised thereon crops of strawberries and other truck.   Needing advances to cultivate and grow these crops, Robert Addison obtained advances from the defendant, the Strawberry Growers Selling Company, and in accordance with his agreement delivered to the defendant all of said crops as soon as harvested, to be sold for his account and in satisfaction of the advances which he had received.

In this suit plaintiff charges in substance that defendant, acting as the common agent of both himself and Robert Addison, collected from Robert Addison, lessee, for account of plaintiff, the three hundred dollars rent due to plaintiff for the current year and that said defendant refuses to pay the same, notwithstanding amicable demand, and he accordingly prays for judgment.

The evidence fails to establish either of the alleged grounds upon which plaintiff seeks to hold defendant liable.   There is no proof that defendant was even delegated by plaintiff with the authority to collect the latter's rent claim or that it ever assumed such authority.   Plaintiff inferentially claims that it was the custom in the strawberry growing belt for factors to secure and collect the rent that might be due by their customers.   Such a custom, if it prevails, would afford no ground of relief to plaintiff inasmuch as it would be contrary to the positive law that no one can be held to a promise to pay the debt of a third person unless such promise is in writing.   Nor is there proof that defendant, acting as a negotiorum gestor, collected the rent due by Addison to plaintiff.   There is proof on the other hand that Addison is still indebted to defendant for part of the advances which he received from defendant.

The trial court rejected plaintiff's demand, and we believe its judgment is correct and should be affirmed, and it is so ordered.